UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:05CV161-EHJ

BELINDA FREEMAN                                                                                          PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                                                    DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court upon plaintiff Belinda Freeman's objections to the Report and Recommendation of the United States Magistrate Judge. The Court has conducted a de novo review of those matters that are the subject of specific written objection, and is of the opinion that the proposed Report and Recommendation of the Magistrate should be adopted, and the Decision of the Commissioner should be affirmed.

Ms. Freeman filed the present applications for Supplemental Security Income and Disability Insurance Benefits on December 30, 2002, alleging that she became disabled on November 1, 2002 as a result of diabetes, anxiety, pinched nerve in her left shoulder, numb fingers on her left hand, and depression (Tr. 72). After a hearing on April 6, 2004, Administrative Law Judge Gary Flenner ("ALJ") found that Ms. Freeman has severe impairments including status-post cervical fusion with some left upper extremity (non-dominant) residuals and insulin dependent diabetes mellitus (Tr. 19). The ALJ found that these impairments are severe, but do not meet or medically equal listed impairments. In addition, the ALJ found that her medically determinable depressive disorder is non-severe. The ALJ found that she retains the residual functional capacity to return to her past relevant work as an assistant manager at a fast-food restaurant and as a hospital pharmacy technician (Tr. 25).

The claimant appealed the ALJ's Decision to this Court, and the Magistrate Judge has recommended that the Commissioner's Decision be upheld. The plaintiff has filed objections to the Magistrate's report, arguing that the ALJ improperly rejected the opinion of Dr. Anchor, whose opinion indicates that plaintiff suffers from mental limitations that prevent her from working (Tr. 298-299). Additionally, plaintiff objects to the ALJ's use of non-medical evidence in rejecting Dr. Anchor's opinion. Plaintiff also argues that the ALJ should have re-contacted Dr. Meriwether for further development of the medical evidence.

After reviewing the record in its entirety and conducting a de novo review of the matters raised by each of these objections, the Court has determined that the analyses and conclusions of the Magistrate Judge mirror those of the undersigned. The Court adopts the Magistrate Judge's Report and Recommendation in its entirety.

A Judgment in conformity has this day entered.